# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.:

Justin Eckstein

    Plaintiff,

  vs.

Machol and Johannes, LLC,
a Colorado limited liability company,

    Defendant .

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. Jurisdiction in this court arises under 28 U.S.C § 1331 and 15 U.S.C. § 1692k(d).

2. This action arises out of the defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et. seq. (hereinafter "FDCPA").

### VENUE

3. Venue is proper in this Judicial District.

4. The acts and transgressions alleged herein occurred in this Judicial District.

5. At the time of the acts and transgressions alleged herein, the plaintiff resided in this Judicial District.

6. The defendant is a Colorado limited liability company with its principal place of business in this Judicial District.

### PARTIES

7. The plaintiff is a natural person.

8. The plaintiff currently resides in Tacoma, Washington. However, at all relevant times, the plaintiff resided in the City of Denver, County of Denver, State of Colorado.

9. The plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

10. The plaintiff is "any person" as that term is defined by 15 U.S.C. § 1692d preface.

11. The defendant Machol and Johannes, LLC is a Colorado limited liability company operating from an address at 717 17th Street, Suite 2300; Denver, Colorado 80202.

12. The defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

13. The defendant is licensed as a debt collection agency by the State of Colorado.

14. The principal purpose of the defendant is the collection of debts using the mail and telephone.

15. The defendant regularly collects or attempts to collect, directly or indirectly, debts owed and due or debts asserted to be owed and due by another.

16. The defendant regularly collects or attempts to collect, directly or indirectly, debts owed and due or debts asserted to be owed and due by another that arose out of transactions in which money, property, or services that are the subject of the transactions are primarily for person, family, or household purposes.

## FACTUAL ALLEGATIONS

17. Sometime before 2012, the plaintiff allegedly incurred a financial obligation that was primarily for personal, family, and household purposes namely an amount due and owing on a personal credit card owed to Discover Bank (hereinafter the "Account").

18. The Account is a "debt" as that term is defined in 15 U.S.C. § 1692a(5).

19. The Account allegedly went into default with Discover Bank.

20. After the Account went in default, the Account was placed or otherwise transferred to the Defendant for collection.

21. The defendant's account/reference number for the Account is 50275675.

22. The plaintiff disputes the Account.

23. The plaintiff requests that the defendant cease all further communication on the Account.

24. The defendant's collector(s) were employee(s) of the defendant at all times mentioned herein.

25. The defendant acted at all times mentioned herein through its employees.

26. Sometime in or around July 2012, the plaintiff was contacted via telephone by employees of the defendant. Plaintiff advised the caller that he was represented by counsel and provided the defendant with contact information for his attorney.

27. The plaintiff subsequently informed his counsel that he was contacted by the defendant.

28. On or about July 2, 2012, counsel for the plaintiff sent a letter via facsimile to the defendant advising the defendant that the plaintiff was represented and that the defendant was to direct all communication regarding the collection of the Account to plaintiff's counsel. Plaintiff's counsel also requested validation of the debt. Exhibit 1.

29. On or about July 9, 2012 the defendant responded to plaintiff's counsel with a brief summary of the debt they were attempting to collect. Exhibit 2.

30. From July 2, 2012 forward, the defendant was aware that the plaintiff was represented by counsel.

31. From July 2, 2012 forward, Plaintiff's counsel responded to all communication from the defendant in a reasonable time.

32. On December 19, 2012, the defendant sent a collection letter directly to the plaintiff. The letter was addressed only to the plaintiff. Plaintiff's counsel was not copied on the letter. Exhibit 3.

33. The December 19, 2012 letter constituted a "communication" as defined by 15 U.S.C. § 1692a(2).

34. The reason the defendant sent the December 19, 2012 letter was to attempt to collect on the Account.

35. The defendant's actions constitute unfair or unconscionable means to collect or attempt to collect a debt and violate 15 U.S.C. § 1692b and 15 U.S.C. § 1692c.

36. The FDCPA is a strict liability statute; violations of the FDCPA do need to be intentional to be actionable. Smith v. National Credit Systems, 807 F.Supp.2d 836, 840 (D.AZ 2011).

37. Because the FDCPA is a strict liability statute, the plaintiff need only demonstrate one violation of its provisions to be entitled to a favorable judgment. <u>Dshay v. Global Credit and Collection Corporation</u>, 796 F.Supp2d 1301, 1304 (D. Colo. 2011).

38. As a consequence, the defendants actions in the year prior to filing the instant action justify an award of damages against the defendant and in favor the plaintiff pursuant to 15 U.S.C. § 1692k.

## COUNT 1: FDCPA VIOLATION

39. The previous paragraphs are incorporated into this Count as if set forth in full.

40. The act(s) and omission(s) of the defendant constitute a violation of the FDCPA 15 U.S.C. § 1692b and 15 U.S.C. § 1692c.

41. Pursuant to 15 U.S.C. § 1692k the plaintiff seeks damages, reasonable attorney's fees, and costs.

## JURY TRIAL DEMAND

42. Plaintiff respectfully demands a trial by Jury. U.S. Const. amend. 7., Fed. R. Civ. Pro. 38.

## DEMAND FOR RELIEF

**WHEREFORE**, the plaintiff respectfully requests the Court grant the following:

1. A judgment in favor of the plaintiff and against the defendant.
2. Damages pursuant to 15 U.S.C. § 1692k(a).
3. Reasonable attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).
4. Such other and further relief as the Court deems just and proper.

Respectfully Submitted By:

*/s/Jared Adams*  
Jared Adams #41154  
Attorney for the Plaintiff  
The Adams Law Firm, LLC  
600 17th Street, Suite 2800 South  
Denver, CO 80202  
Phone: 720-333-9490  
Fax: 720-545-2236  
jared@adamslawcolorado.com